# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND DENNARD,** | ) | **CASE NO. 1:17CV1773** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE JAMES CARR** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **JAMES HAVILAND,** | ) | **JONATHAN D. GREENBERG** |
| | ) | |
| | ) | **ORDER** |
| Respondent. | ) | **(Doc. No. 14.)** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Raymond Dennard ("Dennard" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Dennard is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State v. Dennard*, Lorain County Court of Common Pleas Case No. 13-CRO-87422.

Currently pending is Dennard's Motion for Leave to Amend Petition. (Doc. No. 14.) For the following reasons, Dennard's Motion is DENIED.

**I.    Procedural Background**

    **A.    State Court Proceedings**

On June 13, 2013, a Lorain County Grand Jury issued an indictment charging Dennard with (1) two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) and (B)(2), each with a sexual motivation specification (Counts 1 and 2); (2) two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 3 and 4); and (3) two counts of aggravated burglary

in violation of Ohio Rev. Code § 2911.11(A)(1) and (2), each with a sexual motivation specification (Counts 5 and 6). (Doc. No. 7-1, Exh. 1).

On November 12, 2014, Dennard pled guilty to all charges in the indictment. (Doc. No. 7-1, Exhs. 2,3.) On February 4, 2015, the state trial court sentenced Dennard to 9 years in prison for each kidnapping and rape conviction, and 5 years in prison for each aggravated burglary conviction. (Doc. No. 7-1, Exh. 4.) The rape charge in Count 3 was to be served consecutive to the aggravated burglary charge in Count 5, with the remainder of the sentences to be served concurrently, for an aggregate prison sentence of 14 years. (*Id.*) In addition, and on that same date, the state trial court found Dennard to be a sexual predator. (Doc. No. 7-1, Exh. 5.)

On February 27, 2015, Dennard, through counsel, filed a Notice of Appeal to the Ninth District Court of Appeals of Ohio (the "state appellate court). (Doc. No. 7-1, Exh. 7.) In his appellate brief, he raised the following grounds for relief:

   I.    The evidence is insufficient to support the sexual predator classification of Mr. Dennard, since the Court erred as a matter of law in following R.C. 2950.09.

   II.   Appellant was denied effective assistance of counsel at the sexual predator hearing.

(Doc. No. 7-1, Exh. 8.) On May 2, 2016, the state appellate court affirmed Dennard's convictions and sentences. (Doc. No. 7-1, Exh. 12.)

On June 10, 2016, Dennard filed a *pro se* notice of appeal to the Supreme Court of Ohio. (Doc. No. 7-1, Exh. 13.) In his memorandum in support of jurisdiction, Dennard raised the following propositions of law:

   I.    The evidence is insufficient to support the sexual predator classification of Mr. Dennard, since the court erred as a matter of law in following R.C. 2950.09.

> The evidence is insufficient as a matter of law to sustain a finding that Mr. Dennard is a sexual predator. This classification violates Mr. Dennard's federal and state due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.
>
> II. The evidence in the instant case does not support a predator classification. The trial court failed to follow the model sexual offender classification hearing as outlined in *Eppinger*.
>
> III. Appellant was denied the effective assistance of counsel at the sexual predator hearing. [T]rial counsel was ineffective for not seeking an expert witness opinion [pursuant to] *State v. Eppinger*, 91 Ohio St.3d 158 2001-Ohio-247 (2001).

(Doc. No. 7-1, Exh. 14.) On September 14, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac. R. 7.08(B)(4). (Doc. No. 7-1, Exh. 16.)

On August 23, 2017, Dennard filed a *pro se* Petition to Vacate or Set Aside Sentence in the state trial court, in which he raised the following claims:

> 1. The petitioner's plea was not knowingly or voluntarily [sic] in violation of due process and Article I Section 16 of the Ohio Constitution.
>
>    **Supporting Facts**: I was coerced by my attorney to plead guilty, unbeknown to me that I would be labeled a Sexual Predator under the Adam Walsh Act whereas my case is from 2001 which pre-dates the Adam Walsh Act.
>
> 2. The petitioner's sentence is contrary to law, thereby, violated due process under the Fourteenth Amendment to the United States Constitution, and Article I Section 16 of the Ohio Constitution.
>
>    **Supporting Facts**: When I talked to my counsel, I expressed how this case predates my original conviction and incarceration, and I was originally sentenced as a habitual sexual offender, and in the sentencing of this case I am now a Sexual Predator and sentenced under the Adam Walsh Act, which was non-existent in 2001 the year this crime occurred.

(Doc. No. 7-1, Exh. 17.) Dennard also moved for expert assistance and appointment of counsel. (Doc. No. 7-1, Exhs. 18, 19.)

On August 28, 2017, the state trial court denied Dennard's Petition and pending motions, as follows:

> This matter is before the Court on Defendant's Petition to Vacate or Set Aside Sentence, Motion For Appointment of Counsel, and Motion For Expert Assistance, all filed August 23, 2017. The State has not had an opportunity to reply.
>
> The Motions are not well-taken and are all DENIED.
>
> This Court has no authority to "vacate" or "set-aside" a lawfully imposed sentence. *See State v. Ivey*, 2017- Ohio-4162, "[The Defendant's] sentencing entry was a final, appealable order.*" Citing, State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-0hio- 93, ¶ 10 (listing the elements necessary for a final, appealable order in a criminal case). "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its' own final judgment. Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *Ivey* at ¶ 11.
>
> As for the Motions for Counsel and Experts, both the United States Supreme Court and Ohio Supreme Courts have held that an indigent criminal defendant has no right to counsel post original direct appeal.
>
> * * *
>
> In the case at bar, the Defendant took a direct appeal and raised, or waived, the issues presented herein. *See State v. Dennard*, 2016-Ohio-2760, No. 15CA010743. Accordingly, he is precluded from litigating these issues.

(Doc. No. 7-1, Exh. 20.)

On September 22, 2017, Dennard fled a *pro se* appeal in the state appellate court. (Doc. No. 7-1, Exh. 22.) This appeal remains pending as of the date of this Order.

### B.     Federal Habeas Proceedings

Meanwhile, on August 21, 2017,[1] Dennard, proceeding *pro se*, filed a Petition for Writ

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until August 24, 2017, Dennard states that he placed it in the prison mailing system on August 21, 2017. (Doc. No. 1 at 13.) Thus,

4

of Habeas Corpus pursuant to § 2254 in this Court. (Doc. No. 1.) Therein, he raised the following three grounds for relief:

> I. The evidence is insufficient to support the sexual predator classification of Mr. Dennard, since the court erred as a matter of law in following R.C. 2950.09.
>
> **Supporting Facts**: The evidence is insufficient as a matter of law to sustain a finding that the petitioner is a sexual predator. The state failed to prove by clear and convincing evidence at the sexual classification hearing that he had been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.
>
> II. Appellant was denied effective assistance of counsel at the sexual predator hearing.
>
> **Supporting Facts**: The petitioner's trial counsel was ineffective for not seeking an expert opinion, since this was his first offense of any kind. Additionally his counsel failed to request an evaluation and psychiatric assessment for purpose of the sexual classification hearing.
>
> III. The evidence in the instant case does not support a predator classification. The trial court failed to follow the model sexual offender classification hearing as outlined in Eppinger.
>
> **Supporting Facts**: The defendant was classified as habitual offender on unrelated charges, before the indictment for this offense. The court should have considered the age of the defendant and whether or not his likelihood of recidivism would be reduced based upon his age and in-patient treatment for sexually oriented offenses.

(Doc. No. 1.) Notably, Dennard did not raise in his federal habeas Petition the two grounds for relief asserted in his state court petition to vacate, despite the fact the two petitions were filed contemporaneously.

On December 21, 2017, Respondent filed his Return of Writ. (Doc. No. 7.) Pursuant to

---

the Court will consider the Petition as filed on August 21, 2017.

this Court's Initial Order, Dennard then had thirty (30) days (or until January 21, 2018) to file a response. (Doc. No. 5.)

On January 25, 2018, Dennard filed a motion for continuance (Doc. No. 8), which was granted until February 19, 2018. On February 26, 2018, Dennard filed a second motion for continuance, seeking an additional thirty days to respond to the Return. (Doc. No. 9.) On February 28, 2018, the undersigned granted Dennard's motion in part, allowing him an additional 14 days (until March 14, 2018) to file his response.

On March 14, 2018, Dennard filed yet another motion for continuance. (Doc. No. 10.) Therein, he claimed that "on February 15, 2018, the [state appellate court] reassessed the merits of his constitutional claims in his Motion to Vacate Judgment of Conviction in Case No. 17-A-011199, and thereby, re-instated his appeal." (*Id.*) Dennard requested an extension of time "to allow him to exhaust his constitutional claims" in state court. (*Id.*) Respondent opposed the motion. (Doc. No. 12.)

On April 17, 2018, the undersigned granted in part and denied in part Dennard's Motion for Third Continuance. (Doc. No. 13.) The Court construed Dennard's motion as seeking a stay to allow him to exhaust the two claims raised in his state court petition to vacate. The Court denied this request, explaining as follows:

> As noted above, the stay and abeyance procedure outlined in *Rhines* applies to "mixed petitions," i.e., petitions that raise both exhausted and unexhausted claims. *See Rhines*, 544 U.S. 269, 275. Here, Dennard does not identify any particular claim as unexhausted or explain why he believes such claim requires further exhaustion. Notably, Respondent has not contended any of Dennard's habeas claims are unexhausted. As the instant Petition does not appear to assert any unexhausted claims, the Court finds it is not a "mixed petition" and, therefore, the stay and abeyance procedure is not available to him. *See e.g., Holt v. Lafler,* 2010 WL 3341515 at * 3 (W.D. Mich. Aug. 23, 2010) (where both of petitioner's habeas claims were exhausted, court held that "petitioner cannot utilize the stay and

> abeyance procedure because he did not file a 'mixed' habeas petition.")
>
> Moreover, while Dennard's appeal from the denial of his Motion to Vacate Judgment of Conviction remains pending as of the date of this Order, Dennard's habeas petition does not raise any of the claims raised in that motion. Absent a "mixed petition," the Court will not grant a stay to allow Dennard to exhaust claims that are not asserted in the petition. [citations omitted].

(*Id.* at 4-5.) Accordingly, the Court denied Dennard's request that this Court grant a continuance to "allow him to exhaust his constitutional claims" in state court. However, in light of Dennard's *pro se* status, this Court allowed him until April 27, 2018 to file his Traverse. (*Id.* at 6.) The Court warned that "no further extensions will be granted under any circumstances." (*Id.*)

Dennard did not file his Traverse on April 27, 2018. Rather, on May 2, 2018, Dennard filed a "Motion for Leave to Amend Petition." (Doc. No. 14.) Therein, Dennard states that "in order to properly exhaust his constitutional claims in the state court, he is seeking to file a Motion to Amend the pleadings in his U.S.C. § 2254 habeas petition" to include the two claims set forth in his state court petition to vacate. (*Id.* at 1-2.) Dennard asserts his state court petition "contains grounds for habeas relief [that] justify an amended petition and an adjudication on the merits," arguing "to deny him leave would not be in the interest of justice and would serve the convenience of the parties." (*Id.* at 2.) In the alternative, Dennard requests the Court dismiss his habeas petition without prejudice. (*Id.* at 5.)

Respondent opposed Dennard's motion on the ground Dennard "has not attached a copy of the amended petition he proposes to file, and Respondent cannot tell from his motion the precise nature of the amendment he seeks to offer." (Doc. No. 15.) Respondent further asserts "what Dennard should have known and what he should have done when he originally filed his

7

petition 'are relevant to the question of whether justice requires leave to amend.'" (*Id*. at 3.) Lastly, Respondent argues Dennard's motion is "simply a vehicle for him to circumvent any time limit on filing his traverse" and "the Court should not sanction this type of game-playing." (*Id*.)

**II.  Law and Analysis**

It is well established that Rule 15 of the Federal Rules of Civil Procedure applies to a habeas petitioner's request for leave to amend his petition. *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). *See also Glenn v. Coleman*, 2014 WL 4983661 at * 5 (N.D. Ohio Oct. 6, 2014); *Shank v. Mitchell*, 2013 WL 3208554 at *3 (S.D. Ohio June 24, 2013). Under Rule 15(a), a party may amend his or her pleadings once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, the party may amend only with the opposing party's written consent or by leave of court, which "shall be freely given when justice so requires." *Id. See also Mayle*, 545 U.S. at 655.

As Respondent filed his Answer/Return of Writ over eleven months ago, on December 21, 2017, leave of court must be obtained before Dennard may amend his Petition. In determining whether leave should be granted, a habeas court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994.)) *See also Powers v. Beightler*,

8

2010 WL 649623 at * 1 (N.D. Ohio Feb. 19, 2010). If a proposed amendment lacks merit on its face, it is deemed futile. *See e.g., Moss v. United States*, 323 F.3d 445, 475 (6th Cir. 2003). *See also Clark v. Ohio Adult Parole Authority,* 2017 WL 495508 at * 6 (S.D. Ohio Feb. 6, 2017); *Brown v. Clipper*, 2016 WL 5173331 at * 20 (N.D. Ohio Sept. 21, 2016); *Soler-Norona v. Brewer*, 2018 WL 1964677 at * 1 (E.D. Mich. April 26, 2018). In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Kottmyer v. Maas*, 436 F.3d 684, 691–92 (6th Cir. 2006); *Hall v. Clipper*, 2011 WL 2671310 at * 11 (N.D. Ohio July 8, 2011).

Here, Dennard seeks to amend his Petition to assert the claims set forth in his *pro se* Petition to Vacate or Set Aside Sentence, which was filed in the state trial court on August 23, 2017. (Doc. No. 7-1, Exh. 17.) As noted above, in that motion, Dennard raises two claims: (1) his plea was not knowing or voluntary in violation of due process; and (2) his sentence is contrary to law and thereby violates the due process clauses of the federal and Ohio Constitutions. (*Id*.) Notably, Dennard did not raise these claims in his federal habeas petition, despite the fact it was filed contemporaneously with his state court petition to vacate.

For the following reasons, Dennard's Motion to Amend is denied. The original Petition in this matter was filed over a year ago, on August 21, 2017. It is undisputed that Dennard was aware of the existence of the claims asserted in his state court petition to vacate, as he filed that petition contemporaneously with his federal habeas Petition. Yet, Dennard failed to raise these claims in his original federal petition. Moreover, despite multiple opportunities to do so, Dennard failed to move to amend his federal habeas Petition until May 2018, over eight months

9

after it was filed in this Court. Dennard offers no explanation for his failure to either assert his proposed claims in his original habeas Petition or to timely move to amend. Under these circumstances, the Court finds Dennard has engaged in undue delay in seeking to assert his proposed claims.

The Court further finds that allowing Dennard his attempt to amend at this late stage in the proceedings would prejudice Respondent and unduly delay the instant proceedings. Respondent filed his Return on December 21, 2017 and would therefore be required to file an Amended Return should Dennard to be permitted to amend his Petition. Dennard would then have to be provided yet another opportunity to file his Traverse, which he has still failed to file despite having been granted three extensions of time to do so.

Finally, the Court notes Dennard's motion appears to be primarily aimed at obtaining a stay to exhaust the claims raised in his state court petition to vacate. The United States Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances," because it "has the potential to undermine . . . AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Accordingly, that Court has explained that a stay and abeyance is appropriate only where the petitioner can show: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not "plainly meritless"; and (3) that there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id*. at 277-78; *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).

Here, Dennard fails to address any of the above factors for determining whether a stay

and abeyance is appropriate under the circumstances presented. He has not demonstrated good cause for his failure to exhaust nor has he articulated any argument whatsoever that his unexhausted claims are not "plainly meritless." Finally, given Dennard's failure to assert his proposed claims in his original habeas Petition or timely move to amend, the Court finds Dennard has not demonstrated that he did not engage in dilatory litigation tactics.

Accordingly, and for all the reasons set forth above, Dennard's Motion to Amend (Doc. No. 14) is DENIED.

## IV. Conclusion

For the reasons set forth above, Dennard's Motion to Amend (Doc. No. 14) to raise the claims set forth in his state court petition to vacate is DENIED.

**IT IS SO ORDERED.**


Date:   November 26, 2018                                   *s/ Jonathan D. Greenberg*
                                                            Jonathan D. Greenberg
                                                            United States Magistrate Judge