**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND DENNARD,** | ) | **CASE NO. 1:17CV1773** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE JAMES G. CARR** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **JAMES HAVILAND,** | ) | **JONATHAN D. GREENBERG** |
| **Warden** | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| **Respondent.** | ) | |

This matter is before the undersigned pursuant to Local Rule 72.2.  Before the Court is

the Petition of Raymond Dennard ("Dennard" or "Petitioner"), for a Writ of Habeas Corpus filed

pursuant to 28 U.S.C. § 2254.  Dennard is in the custody of the Ohio Department of

Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Dennard*,

Lorain County Court of Common Pleas Case No. 13-CRO-87422.  For the following reasons, the

undersigned recommends that the Petition be DENIED.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, factual determinations made by state courts are presumed correct unless rebutted

by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695

F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The

state appellate court summarized the facts underlying Dennard's conviction as follows:

> {¶ 2} In 2013, Dennard was subjected to a DNA test, the results of which implicated him in an unsolved rape case from 2001. The Lorain County Grand Jury indicted Dennard on the following six counts: (I) kidnapping in violation of R.C. 2905.01(A)(2), a first degree felony; (II) kidnapping in violation of R.C. 2905.01(B)(2), a first degree felony; (III) rape in violation of R.C. 2907.02(A)(2), a first degree felony; (IV) rape in violation of R.C. 2907.02(A)(2), a first degree felony; (V) aggravated burglary in violation of R.C. 2911.11(A)(1), a first degree felony; and (VI) aggravated burglary in violation of R.C. 2911.11(A)(2), a first degree felony. Counts I, II, V, and VI also carried a sexual motivation specification pursuant to R.C. 2941.147. After initially pleading not guilty, Dennard changed his plea prior to trial and entered guilty pleas to all of the charges within the indictment.

> {¶ 3} The trial court conducted a sentencing hearing on February 3, 2015. The trial court sentenced Dennard to nine years of imprisonment on Counts I, II, III, and IV and to five years of imprisonment on Counts V and VI. The trial court ordered that Count III be served consecutively to Count V, with the remaining counts to be served concurrently. Thus, the trial court sentenced Dennard to a total term of 14 years in prison. At the same hearing, the trial court found that Dennard was a sexual predator after considering the PSI report and hearing argument from the parties.

> {¶ 4} Dennard filed this timely appeal, raising two assignments of error for our review.

*State v. Dennard*, 2016 WL 1730399 at * 1 (Ohio App. 9th Dist. May 2, 2016).

## II. Procedural History

### A.  Trial Court Proceedings

On June 13, 2013, a Lorain County Grand Jury issued an indictment charging Dennard

with (1) two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) and (B)(2),

each with a sexual motivation specification (Counts 1 and 2); (2) two counts of rape in violation

of Ohio Rev. Code § 2907.02(A)(2) (Counts 3 and 4); and (3) two counts of aggravated burglary

in violation of Ohio Rev. Code § 2911.11(A)(1) and (2), each with a sexual motivation

specification (Counts 5 and 6). (Doc. No. 21, Exh. 1). The charges related to events that

2

occurred on August 23, 2001.[1]  (*Id*.)

On November 12, 2014, the state trial court conducted a change of plea hearing, during which Dennard pled guilty to all charges in the indictment.  (Doc. No. 21, Exhs. 2,3; Doc. No. 7-2 at Tr. 1-18.)  Among other things, the trial court advised Dennard that, at the time of sentencing, he could be classified as a "sexual predator under the law as it applied in 2001." (Doc. No. 7-2 at Tr. 11.)  The court explained the registration and notification requirements associated with a sexual predator classification and advised Dennard that these requirements "would be for the rest of your life."  (*Id*. at Tr. 11-12.)  Dennard indicated that he understood. (*Id.* at Tr. 12-13.)  The trial court then asked whether he was satisfied with his attorneys, to which Dennard replied "very much so."  (*Id*. at Tr. 13.)  The court determined Dennard's guilty plea was knowingly, intelligently, and voluntarily made, and accepted it.  (*Id*. at Tr. 16.)

A sentencing hearing was conducted on February 3, 2015.  (Doc. No. 21, Exh. 4; Doc. No. 7-2 at Tr. 19-50.)  The state trial court sentenced Dennard to 9 years in prison for each kidnapping and rape conviction, and 5 years in prison for each aggravated burglary conviction. (Doc. No. 21, Exh. 4.)  The rape charge in Count 3 was to be served consecutive to the aggravated burglary charge in Count 5, with the remainder of the sentences to be served concurrently, for an aggregate prison sentence of 14 years.  (*Id*.)  In addition, and on that same date, the state trial court found Dennard to be a sexual predator and advised him of his registration duties.  (Doc. No. 21, Exh. 5; Doc. No. 7-2 at Tr. 38-47.)

---

[1] The State alleged (and the victim, J.B., stated during the sentencing hearing) that Dennard restrained J.B. and raped her in her home while her young son was sleeping upstairs. (Doc. No. 7-2 at Tr. 20-22, 27.)

3

**B.** **Direct Appeal**

On February 27, 2015, Dennard, through new counsel, filed a Notice of Appeal to the Ninth District Court of Appeals of Ohio (the "state appellate court).  (Doc. No. 21, Exh. 7.)  In his appellate brief, he raised the following grounds for relief:

> I.    The evidence is insufficient to support the sexual predator classification of Mr. Dennard, since the Court erred as a matter of law in following R.C. 2950.09.
>
> II.   Appellant was denied effective assistance of counsel at the sexual predator hearing.

(Doc. No. 21, Exh. 8.)

On August 27, 2015, the State filed a Motion to Supplement the record on appeal with Dennard's Presentence Investigation Report, which was considered by the state trial court during sentencing.  (Doc. No. 21, Exh. 9.)  The state appellate court granted the motion.[2]  (Doc. No. 21, Exh. 10.)  The State thereafter filed a Brief on the Merits on September 14, 2015.  (Doc. No. 21, Exh. 11.)

On May 2, 2016, the state appellate court affirmed Dennard's convictions and sentences. (Doc. No. 21, Exh. 12.)

On June 10, 2016, Dennard filed a *pro se* notice of appeal to the Supreme Court of Ohio. (Doc. No. 21, Exh. 13.)  In his memorandum in support of jurisdiction, Dennard raised the following propositions of law:

> I.    The evidence is insufficient to support the sexual predator classification of Mr. Dennard, since the court erred as a matter of law

---

[2] The state appellate court instructed the Probation Department to submit a copy of Dennard's Presentence Investigation Report under seal, and struck the copy attached to the State's Brief.  (Doc. No. 21, Exh. 10.)

4

in following R.C. 2950.09.

> The evidence is insufficient as a matter of law to sustain a finding that Mr. Dennard is a sexual predator. This classification violates Mr. Dennard's federal and state due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

II.   The evidence in the instant case does not support a predator classification.  The trial court failed to follow the model sexual offender classification hearing as outlined in *Eppinger*.

III.  Appellant was denied the effective assistance of counsel at the sexual predator hearing. [T]rial counsel was ineffective for not seeking an expert witness opinion [pursuant to] *State v. Eppinger*, 91 Ohio St.3d 158 2001-Ohio-247 (2001).

(Doc. No. 21, Exh. 14.)  On September 14, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac. R. 7.08(B)(4).  (Doc. No. 21, Exh. 16.)

## C.    Post-Conviction Filings

On August 23, 2017, Dennard filed a *pro se* Petition to Vacate or Set Aside Sentence in the state trial court, in which he raised the following claims:

1.   The petitioner's plea was not knowingly or voluntarily [sic] in violation of due process and Article I Section 16 of the Ohio Constitution.

**Supporting Facts**:  I was coerced by my attorney to plead guilty, unbeknown to me that I would be labeled a Sexual Predator under the Adam Walsh Act whereas my case is from 2001 which pre-dates the Adam Walsh Act.

2.   The petitioner's sentence is contrary to law, thereby, violated due process under the Fourteenth Amendment to the United States Constitution, and Article I Section 16 of the Ohio Constitution.

**Supporting Facts**:  When I talked to my counsel, I expressed how this case predates my original conviction and incarceration, and I was originally sentenced as a habitual sexual offender, and in the sentencing of this case I am now a Sexual Predator and sentenced under the Adam Walsh Act, which was non-existent in 2001 the year this crime occurred.

5

(Doc. No. 21, Exh. 17.)  Dennard also moved for expert assistance and appointment of counsel.

(Doc. No. 21, Exhs. 18, 19.)

On August 28, 2017, the state trial court denied Dennard's Petition and pending

motions, as follows:

> This matter is before the Court on Defendant's Petition to Vacate or Set Aside Sentence, Motion For Appointment of Counsel, and Motion For Expert Assistance, all filed August 23, 2017.  The State has not had an opportunity to reply.
>
> The Motions are not well-taken and are all DENIED.
>
> This Court has no authority to "vacate" or "set-aside" a lawfully imposed sentence. *See State v. Ivey*, 2017- Ohio-4162, "[The Defendant's] sentencing entry was a final, appealable order.*" Citing, State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-0hio- 93, ¶ 10 (listing the elements necessary for a final, appealable order in a criminal case). "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its' own final judgment.  Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *Ivey* at ¶ 11.
>
> As for the Motions for Counsel and Experts, both the United States Supreme Court and Ohio Supreme Courts have held that an indigent criminal defendant has no right to counsel post original direct appeal.
>
> * * *
>
> In the case at bar, the Defendant took a direct appeal and raised, or waived, the issues presented herein.  *See State v. Dennard*, 2016-Ohio-2760, No. 15CA010743. Accordingly, he is precluded from litigating these issues.

(Doc. No. 21, Exh. 20.)

On September 22, 2017, Dennard fled a *pro se* appeal in the state appellate court.  (Doc.

No. 21, Exh. 22.)  This appeal remains pending as of the date of this Order.

6

D.     **Federal Habeas Petition**

Meanwhile, on August 21, 2017,[3] Dennard, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to § 2254 in this Court. (Doc. No. 1.) Therein, he raised the following three grounds for relief:

I.     The evidence is insufficient to support the sexual predator classification of Mr. Dennard, since the court erred as a matter of law in following R.C. 2950.09.

       **Supporting Facts**: The evidence is insufficient as a matter of law to sustain a finding that the petitioner is a sexual predator. The state failed to prove by clear and convincing evidence at the sexual classification hearing that he had been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.

II.    Appellant was denied effective assistance of counsel at the sexual predator hearing.

       **Supporting Facts**: The petitioner's trial counsel was ineffective for not seeking an expert opinion, since this was his first offense of any kind. Additionally his counsel failed to request an evaluation and psychiatric assessment for purpose of the sexual classification hearing.

III.   The evidence in the instant case does not support a predator classification. The trial court failed to follow the model sexual offender classification hearing as outlined in Eppinger.

       **Supporting Facts**: The defendant was classified as habitual offender on unrelated charges, before the indictment for this offense. The court should have considered the age of the defendant and whether or not his likelihood of recidivism would be reduced based upon his age and in-patient treatment for sexually oriented offenses.

---

[3]Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until August 24, 2017, Dennard states that he placed it in the prison mailing system on August 21, 2017. (Doc. No. 1 at 13.) Thus, the Court will consider the Petition as filed on August 21, 2017.

(Doc. No. 1.)[4]

On December 21, 2017, Respondent filed his Return of Writ.  (Doc. No. 7.)  Pursuant to this Court's Initial Order, Dennard then had thirty (30) days (or until January 21, 2018) to file a response.  (Doc. No. 5.)  On January 25, 2018, Dennard filed a motion for continuance (Doc. No. 8), which was granted until February 19, 2018.  On February 26, 2018, Dennard filed a second motion for continuance, seeking an additional thirty days to respond to the Return. (Doc. No. 9.)  On February 28, 2018, the undersigned granted Dennard's motion in part, allowing him an additional 14 days (until March 14, 2018) to file his response.

On March 14, 2018, Dennard filed yet another motion for continuance.  (Doc. No. 10.) Therein, he claimed that "on February 15, 2018, the [state appellate court] reassessed the merits of his constitutional claims in his Motion to Vacate Judgment of Conviction in Case No. 17-A-011199, and thereby, re-instated his appeal." (*Id.*)  Dennard requested an extension of time "to allow him to exhaust his constitutional claims" in state court.  (*Id*.)  Respondent opposed the motion.  (Doc. No. 12.)

On April 17, 2018, the undersigned granted in part and denied in part Dennard's Motion for Third Continuance.  (Doc. No. 13.)  The Court construed Dennard's motion as seeking a stay to allow him to exhaust the two claims raised in his state court petition to vacate.  The Court denied this request but, in light of Dennard's *pro se* status, allowed him until April 27, 2018 to file his Traverse.  (*Id*. at 4-6.)  The Court warned that "no further extensions will be granted under any circumstances."  (*Id*.)

---

[4] Notably, Dennard did not raise in his federal habeas Petition the two grounds for relief asserted in his state court petition to vacate, despite the fact the two petitions were filed contemporaneously.

Dennard did not file his Traverse on April 27, 2018.  Rather, on May 2, 2018, Dennard filed a "Motion for Leave to Amend Petition."  (Doc. No. 14.)  Therein, Dennard argued that "in order to properly exhaust his constitutional claims in the state court, he is seeking to file a Motion to Amend the pleadings in his U.S.C. § 2254 habeas petition" to include the two claims set forth in his state court petition to vacate.  (*Id*. at 1-2.)  In the alternative, Dennard requested the Court dismiss his habeas petition without prejudice.  (*Id*. at 5.)  Respondent opposed Dennard's motion, to which Dennard replied. (Doc. Nos. 15, 16.)

On November 26, 2018, the undersigned issued an Order denying Dennard's Motion for Leave to Amend.  (Doc. No. 17.)  The Court noted the Petition was filed over a year ago (on August 21, 2017) and it was "undisputed that Dennard was aware of the existence of the claims asserted in his state court petition to vacate, as he filed that petition contemporaneously with his federal habeas Petition.  Yet, Dennard failed to raise these claims in his original federal petition.  Moreover, despite multiple opportunities to do so, Dennard failed to move to amend his federal habeas Petition until May 2018, over eight months after it was filed in this Court." (*Id*. at 9-10.)  The Court also found allowing Dennard to amend at this late stage would prejudice Respondent and unduly delay the instant proceedings.[5]  (*Id*. at 10.)

### III.  Review on the Merits

#### A.    Legal Standard

---

[5] In addition, on February 11, 2019, the undersigned issued an Order placing the State Court Record under seal because it included a copy of Dennard's Presentence Investigation Report, which contained personal data identifiers and other sensitive information.  (Doc. No. 18.) The undersigned instructed Respondent to file another copy of the State Court Record for the public file that did not contain the Presentence Investigation Repoert.  (Id.) Respondent complied on February 14, 2019.  (Doc. No. 21.)

9

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court. *See Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v. Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker*, 567 U.S. at 48-49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012). *See also Lopez v. Smith*, ⸺ U.S. ⸺, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.' " (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013))).

10

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id. See also Shimel*, 838 F.3d at 695. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id.* at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785. The Court noted that Section 2254(d) "reflects the

view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id.* (internal quotation marks omitted).  Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 786–87.  This is a very high standard, which the Supreme Court readily acknowledged.  *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

### 1.    Grounds One and Three

In his first Ground for Relief, Dennard argues the evidence is insufficient to sustain his classification as a sexual predator.  (Doc. No. 1 at 5.)  Specifically, he maintains "the State failed to prove by clear and convincing evidence at the sexual classification hearing that he had been convicted of a sexually oriented offense and that the offender is likely to engage in one or more sexually oriented offenses."  (*Id.*)  In his third Ground for Relief, Dennard asserts the "evidence in the instant case does not support a predator classification" because "the trial court failed to follow the model sexual offender classification hearing" procedures set forth in *State v. Eppinger*, 91 Ohio St.3d 158, 743 N.E.2d 881 (2001).  (*Id.* at 8.)  He argues the trial court should have considered whether or not his likelihood of recidivism would be reduced based on his age and in-patient treatment for sexually oriented offenses.  (*Id.*)

Respondent argues the Court does not have jurisdiction to consider Grounds One and Three because they are not cognizable in federal habeas proceedings.  (Doc. No. 7 at 11.) Citing *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002), Respondent asserts Dennard's classification as sexual predator "does not amount to a sufficiently severe restraint on liberty to

12

satisfy the 'in custody' requirement for federal habeas jurisdiction." (*Id*. at 13.)  He argues

Dennard's sexual predator classification is a "collateral consequence" of his conviction and is,

therefore, not cognizable.  (*Id*.)

The state appellate court considered these claims on direct appeal, and rejected them as

follows:

{¶ 5} In his first assignment of error, Dennard argues that the trial court erred when it found him to be a sexual predator. We disagree.

{¶ 6} Former R.C. 2950.01 *et seq*., known as "Megan's Law," creates three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator. *See* former R.C. 2950.09. The principal distinctions in the classifications are the reporting requirements: sexual predators have to register their address every 90 days for life; habitual sex offenders have to register their address annually for 20 years; and sexually oriented offenders have to register their address annually for 10 years. *See* former R.C. 2950.04(C)(2); former 2950.06(B)(1), (2); and former 2950.07(B)(1), (2). Ohio's current sexual offender registration act, the Adam Walsh Act, became effective January 1, 2008. However, because Dennard committed the sexual offenses in this matter in 2001, before the enactment of the Adam Walsh Act, he was subject to Megan's Law. *State v. Howard*, 134 Ohio St.3d 467, 2012–Ohio–5738, ¶ 17. Indeed, both parties stipulate in their respective merits brief that Megan's Law governs in this case.

{¶ 7} Former R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Specifically, Dennard maintains that there was not clear and convincing evidence that he would be likely to commit a future sexually oriented offense.

{¶ 8} In making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors pursuant to former R.C. 2950.09(B)(3), including:

(a) The offender's or delinquent child's age;

(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which

13

sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

"To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be 'likely to engage in the future in one or more sexually oriented offenses.' " *State v. Eppinger*, 91 Ohio St.3d 158, 161 (2001), quoting former R.C. 2950.01(E).

{¶ 9} The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Former R.C. 2950.09(B)(4). Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the

level of evidence beyond a reasonable doubt. *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Clear and convincing evidence is evidence that "produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id*. Thus, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

{¶ 10} Here, Dennard advances a number of arguments in support of his first assignment of error. First, Dennard contends that the trial court failed to hold the sexual offender hearing prior to imposing sentence. A review of the transcript reveals that the trial court made its sexual predator classification in this case during the sentencing hearing, but after it had already imposed its sentence. Former R.C. 2950.09(B)(1) states, in part, that "[t]he judge shall conduct the [sexual offender] hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing[.]" In interpreting this statutory provision, however, the Supreme Court of Ohio held that former R.C. 2950.09(B)(1)'s timing requirement exists simply for convenience and orderly procedure. *State v. Bellman*, 86 Ohio St.3d 208, 210 (1999). As such, the statute's requirement that a sexual offender hearing precede sentencing is merely directory, not mandatory and may be forfeited by the defendant. *Id*. at 210–211.

{¶ 11} As Dennard did not object to the trial court conducting the sexual offender hearing after sentencing, we determine that Dennard forfeited the requirement that a sexual offender hearing precede sentencing. *See State v. Elder*, 6th Dist. Ottawa Nos. OT–01–027, OT–01–028, 2003–Ohio–893, ¶ 17. Moreover, we also determine that even assuming *arguendo* that the trial court erred by sentencing Dennard first, such error was harmless as the statutory time requirement in R.C. 2950.09(B)(1) is merely directory and the trial court still had jurisdiction to hold the sexual offender hearing. *See* Crim.R. 52(A). Furthermore, no prejudice was apparent as a result of the sexual offender hearing being held subsequent to the imposition of sentence. *See State v. Echols*, 2d Dist. Greene Nos. 99CA60, 99CA82, 2000 WL 543313, *3 (May 5, 2000) (concluding that trial court's error in sentencing defendant prior to holding sexual offender hearing was harmless as trial court still possessed jurisdiction to conduct the hearing and because the defendant could not establish any prejudice from the error.).

{¶ 12} Next, Dennard argues that the trial court erred by failing to adhere to the model procedure for sexual-offender-classification hearings that the Supreme Court of Ohio articulated in *Eppinger*. Specifically, Dennard contends that the trial court failed to create a complete record for review, failed to utilize an expert to assist in determining whether he was likely to engage in future sexually-related offenses, and failed to specifically address the statutory factors enumerated in R.C. 2950.09(B)(3). However, a careful review of the transcript reveals that Dennard did not object at any time during the sexual offender hearing. As such, as it relates to Dennard's arguments

15

involving the three *Eppinger* objectives, we conclude that Dennard has forfeited all but plain error on appeal. *See State v. Maple*, 4th Dist. Ross No. 01CA2605, 2002 WL 507530, * 3 (Apr. 2, 2002) (determining that defendant's failure to object to the trial court's reliance upon the evidence presented at trial and the PSI report when adjudicating him a sexual predator waived that issue on appeal.). Although Dennard has preserved plain error review, he has failed to argue the existence of plain error on appeal. This Court has repeatedly noted that it will not *sua sponte* fashion an unraised plain error argument and then address it. *E.g., State v. McCrae*, 9th Dist. Summit No. 27387, 2015–Ohio–1803, ¶ 8 (collecting cases).

{¶ 13} Dennard's first assignment of error is overruled.

*State v. Dennard*, 2016 WL 1730399 at * 1-4 (Ohio App. 9th Dist. May 2, 2016).

For the following reasons, it is recommended Dennard's first and third grounds for habeas relief be denied. A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254 (emphasis added). *See also Leslie*, 296 F.3d at 521. The Sixth Circuit has held that the classification of a defendant as a sexual predator is a collateral disability resulting from a conviction and, thus, does not satisfy the 'in custody' requirement of federal habeas corpus. *See Leslie*, 296 F.3d at 523 (finding court lacked jurisdiction to grant relief on claim challenging petitioner's adjudication as a sexual predator under Ohio's sexual-predator registration statute because such classification is a "collateral consequence" of conviction and does not constitute a "severe and immediate restraint on his liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review"). *See also Thomas v. Morgan*, 109 F.Supp.2d 763, 767 (N.D. Ohio 2000); *Fisher v. Frizzell,* 2018 WL 5784548 at * 1-2 (S.D. Ohio Nov. 5, 2018); *Doty v. Warden, Toledo Correctional Inst.,* 2013 WL 429100 at * 7 (S.D. Ohio Feb. 1, 2013); *Moviel v. Smith*, 2010 WL 148141 at * 2 (N.D. Ohio Jan. 12,

16

2010); *Bevins v. Brunsman*, 2009 WL 5612338 at * 12 (S.D. Ohio Dec. 17, 2009); *Booker v. Anderson*, 2007 WL 1731282, at *6 and n. 8 (N.D. Ohio June 14, 2007).

Here, although Dennard is currently incarcerated, he is not "in custody" by virtue of the fact that he is classified as a sexual predator who must register with authorities upon his release from prison.  *See Leslie*, 296 F.3d at 523 (finding that "[a]lthough Leslie is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based," but, rather, is seeking relief from his sexual predator classification, which is not cognizable on federal habeas review).  *See also Moviel*, 2010 WL 148141 at * 2 (finding that, even if habeas petitioner is currently incarcerated, a challenge to his adjudication as a sexual predator fails to satisfy the "in custody" requirement necessary to obtain habeas relief.)  Rather, it is well established that Dennard's designation as a sexual predator is a collateral consequence of his conviction and does not satisfy the "in custody" requirement for federal habeas corpus relief.  *Id*.  Therefore, because Dennard's first and third grounds for relief only challenge his sexual predator classification, the Court finds they are not cognizable on federal habeas review and should be denied.

Further, to the extent Grounds One and/or Three contend that Dennard's sexual predator classification does not comport with Ohio state court decisions and statutes, these Grounds should be dismissed for the addition reason that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 765, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).  *See also Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")  Indeed, it is well established that, in habeas proceedings, it "is not the province of a federal habeas

court to reexamine state-court determinations on state-law questions," rather a federal court must only determine "whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Thus, to the extent Grounds One and/or Three assert Dennard is entitled to habeas relief because the state courts misapplied Ohio law, these Grounds do not state claims that are cognizable in these federal habeas proceedings.[6]

Accordingly, and for all the reasons set forth above, it is recommended Grounds One and Three be dismissed.

**2.      Ground Two**

In his second ground for relief, Dennard argues his trial counsel was ineffective during the sexual predator classification hearing.  (Doc. No. 1 at 6.)  Specifically, he asserts trial counsel was ineffective when he failed to seek an expert opinion or "request an evaluation and psychiatric assessment." (*Id*.)  Respondent argues this ground should be denied because the state appellate court reasonably determined that defense counsel's decision not to seek an

---

[6] The Court notes that, in his direct appeal briefs to both the state appellate court and the Ohio Supreme Court, Dennard argues, summarily, that his sexual predator classification "violates [his] federal and state due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, section 10 of the Ohio Constitution." (Doc. No. 21, Exhs. 8, 14 at PageID#s 425, 489).  Dennard does not, however, cite any federal authority in either of his state briefs, or otherwise develop his argument that his sexual predator classification violated his federal constitutional rights.  Even assuming, *arguendo*, that Dennard's unexplained reference to the United States Constitution in his appellate briefs is sufficient to "fairly present" a constitutional claim, the Court does not have jurisdiction to consider it because (as set forth above) Dennard's sexual predator classification does not meet the "in custody" requirement for federal habeas review. Moreover, any such claim would be without merit for the additional reason that Dennard fails to cite any legal authority demonstrating his sexual predator classification is contrary to, or involved an unreasonable application of, clearly established federal law.

18

expert was a matter of trial strategy. (Doc. No. 7 at 17.)  Respondent maintains Dennard fails to show either that counsel's representation was deficient, or that he suffered actual prejudice as a result.  (*Id*. at 18-19.)

To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir.1985).  A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair.  *Id*.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy.  *Id*. at 689; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

As the United States Supreme Court has explained:

19

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Harrington*, 562 U.S. at 105.  *See also Kennedy v. Warren*, 2011 WL 1642194, *2 (6th Cir. May 3, 2011); *Phillips v. Sheldon,* 2014 WL 185777 at * 14-15 (N.D. Ohio Jan. 16, 2014).

The state appellate court considered Dennard's ineffective assistance of counsel claim on direct appeal, and rejected it on the merits as follows:

> {¶ 14} In his second assignment of error, Dennard contends that he received ineffective assistance of counsel during the sexual offender hearing. Specifically, Dennard argues that his trial counsel was ineffective for failing to seek an expert witness who would testify at the sexual offender hearing that Dennard was unlikely to engage in future sexually oriented offenses. We disagree.

> {¶ 15} "On the issue of counsel's ineffectiveness, [Dennard, as the Appellant,] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, ¶ 62. To prove ineffective assistance of counsel, Dennard must establish that (1) his counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's [deficient performance], the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. This Court need not address both prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray,* 9th Dist. Summit No. 22459, 2005–Ohio–4941, ¶ 10.

> {¶ 16} In support of his argument that his trial counsel was ineffective, Dennard cites to the Ohio Supreme Court's holding that "an expert witness shall be provided to an indigent defendant at a[ ] [former] R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such

services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of [former] R.C. 2950.01(E)." *Eppinger*, 91 Ohio St.3d at 162. Dennard's reliance upon *Eppinger* is misplaced because the record in this case reflects that Dennard retained his own attorneys and was not indigent. *Eppinger* expressly held that a trial court must appoint an expert witness to indigent defendants if such services are reasonably necessary to help determine whether a defendant is likely to reoffend. Thus, *Eppinger* is inapposite in this case. Additionally, we note that the second *Eppinger* objective, which states that "an expert may be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses" is permissive in nature and does not mandate the aid of expert witnesses as a per se rule. (Emphasis added). *Id.* at 166. Thus, we determine that Dennard was not entitled to an expert witness at the state's expense at his sexual offender hearing.

{¶ 17} Lastly, "[a] defendant is not deprived of effective assistance of counsel when counsel chooses, for strategical reasons, not to pursue every possible trial tactic." *State v. Brown*, 38 Ohio St.3d 305, 319 (1988). Courts in Ohio have routinely held that "[t]he decision of whether or not to hire an expert is a matter of trial strategy, and does not, in and of itself, amount to ineffective assistance of counsel." *State v. Keyes*, 6th Dist. Erie No. E–08–072, 2009–Ohio–6343, ¶ 28, citing *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, ¶ 118 ("A decision by trial counsel not to call an expert witness generally will not sustain a claim of ineffective assistance of counsel."); *see also State v. Capers*, 9th Dist. Lorain No. 10CA009801, 2011–Ohio–2443, ¶ 22. Nothing in the record indicates that procuring an expert on behalf of Dennard would have resulted in more favorable testimony. As such, Dennard cannot show that his trial counsel's decision not to request an expert witness caused him any prejudice. Therefore, we conclude that Dennard's ineffective assistance of counsel argument is without merit.

{¶ 18} Dennard's second assignment of error is overruled.

*State v. Dennard*, 2016 WL 1730399 at * 4-5 (Ohio App. 9th Dist. May 2, 2016).

The Court finds the state appellate court's determination that defense counsel's decision not to elicit expert testimony at the sexual predator classification hearing reflected a strategic judgment and therefore counsel's representation was not ineffective, was neither contrary to nor an unreasonable application of clearly established federal law under the doubly deferential standards of § 2254(d) and *Strickland*. The United States Supreme Court has emphasized that, in

determining whether counsel performed deficiently under *Strickland*, "[w]e begin with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy." *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1404, 179 L.Ed.2d 557 (2011) (quoting *Strickland*, 466 U.S. at 689). Indeed, *Strickland* commands reviewing courts to "affirmatively entertain the range of possible 'reasons [defense] counsel may have had for proceeding as they did," *Pinholster,* 131 S.Ct. at 1407, and "indulge [the] strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-690, 692. *See also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000) ("Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation.")

Here, the state appellate court determined defense counsel's representation was not deficient under the first prong of *Strickland*, when counsel failed to request that the trial court provide an expert witness to assist during the sexual predator classification hearing. Dennard has failed to show the state appellate court's determination on this issue is unreasonable or contrary to clearly established federal law. As Respondent correctly notes, the state appellate court ruled that Dennard was not entitled to appointment of an expert under the Ohio Supreme Court's decision in *State v. Eppinger*, 91 Ohio St.3d 158 (2001), finding *Eppinger* only applies to indigent defendants whereas Dennard had retained counsel at trial. The state appellate court's interpretation of Ohio law is binding in these federal habeas proceedings. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); *Duffel v. Dutton*, 785

22

F.2d 131, 133 (6th Cir. 1986) ("A federal court must accept a state court's interpretation of that state's statutes and rules of practice.").  Moreover, Dennard has failed to direct this Court's attention to any clearly established federal law demonstrating that, under these circumstances, defense counsel's failure to request appointment of an expert witness otherwise constitutes deficient performance under the first prong of *Strickland.*

The state appellate next determined Dennard failed to show he was prejudiced by defense counsel's decision not to obtain an expert witness, concluding "[n]othing in the record indicates that procuring an expert on behalf of Dennard would have resulted in more favorable testimony." *Dennard*, 2016 WL 1730399 at * 4-5.  The Court finds Dennard has not demonstrated the state appellate court's determination is unreasonable or contrary to clearly established federal law. During the sentencing hearing, the State emphasized Dennard's lengthy criminal record, noting "[a]fter 2000, this defendant had six cases involving sexual or physical violations against women including multiple sexual offenses, multiple cases of voyeurism, abduction and domestic violence."  (Doc. No. 7-2 at Tr. 26-27.)  The State also noted that the pre-sentence investigation report specifically stated Dennard "continues to act out sexually despite increased levels of treatment."[7]  (*Id*. at Tr. 27-28.)  Moreover, Dennard acknowledges that, at the time of the sexual predator classification hearing, he had already been designated a habitual sexual offender as a

_____

[7] The presentence investigation report (which the trial court expressly referenced during the sexual predator classification hearing (Doc. No. 7-2 at Tr. 44)) details Dennard's lengthy criminal history, including multiple charges of voyeurism as well as charges of domestic violence, sexual imposition, and abduction.  (Doc. No. 7-1 at PageID#s 129-131.) In addition, as noted by the State during sentencing, the presentence investigation report states that, in November 2000, a mental health evaluation noted Dennard's "problem with voyeuristic tendencies and inappropriate sexual advances since the age of 20" and indicated that "he continued to act out sexually despite increased levels of treatment."  (Doc. No. 7-1 at PageID# 134.)

result of unrelated charges. (Doc. No. 1 at 8; Doc. No. 7-2 at Tr. 43.) The state trial court cited the above evidence during the classification hearing, and relied on it in determining Dennard should be designated a sexual predator. (Doc. No. 7-2 at Tr. 43-45.)

In light of this evidence, the Court finds the state appellate court was not unreasonable in determining that Dennard failed to demonstrate he was prejudiced by defense counsel's decision not to obtain expert testimony. Accordingly, the Court finds Dennard's second ground for relief as set forth in the Petition is without merit.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.


Date: February 15, 2019                 _s/ Jonathan Greenberg_
                                           Jonathan D. Greenberg
                                           United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**